Marlon WILLIAMS, Appellant,

v.

PULASKI COUNTY DETENTION FA-
CILITY; Johnson, Deputy, Pulaski
County Detention Facility; Sanchez,
Sgt., Pulaski County Detention Facili-
ty; Johnson, Sgt., Pulaski County De-
tention Facility, Appellees.

No. 07–3851.

United States Court of Appeals,
Eighth Circuit.

Submitted: May 13, 2008.

Filed: May 19, 2008.

Marlon Williams, Brickeys, AR, pro se.

Before BYE, BEAM, and RILEY,
Circuit Judges.

[UNPUBLISHED]

PER CURIAM.

Arkansas inmate Marlon Williams
(Williams) appeals the district court's or-
der dismissing his 42 U.S.C. § 1983 action
under 28 U.S.C. § 1915A. The court also
denied Williams leave to appeal in forma
pauperis (IFP), and Williams has renewed
his IFP motion in this court. We grant
IFP status and leave the fee collection to
the district court. *See Henderson v. Nor-
ris,* 129 F.3d 481, 484–85 (8th Cir.1997)
(per curiam).

As to the merits, this court reviews de
novo a section 1915A dismissal. *See Coo-
per v. Schriro,* 189 F.3d 781, 783 (8th
Cir.1999) (per curiam). We agree with the
district court that the Pulaski County De-

tention Center (PCDC) is not subject to
suit under section 1983. *Cf. Dean v. Bar-
ber,* 951 F.2d 1210, 1214–15 (11th Cir.1992)
(concluding the sheriff's department is not
a legal entity and thus is not subject to
suit or liability under § 1983).

With regard to the individual defen-
dants, as the district court noted, a three-
year statute of limitations applies to sec-
tion 1983 actions filed in Arkansas. *See
Miller v. Norris,* 247 F.3d 736, 739 (8th
Cir.2001). However, it appears the dis-
trict court did not consider Williams's ob-
jections to the magistrate's report, wherein
Williams argued the limitations period was
tolled because he never received a final
decision on his administrative grievance,
noting administrative exhaustion was re-
quired before filing suit. *See Booth v.
Churner,* 532 U.S. 731, 733–34, 740–41, 121
S.Ct. 1819, 149 L.Ed.2d 958 (2001) (ex-
plaining, under the Prison Litigation Re-
form Act (PLRA), prisoners are required
to exhaust administrative remedies before
bringing a civil rights action concerning
prison conditions regardless of the relief
offered through any administrative proce-
dures); *Brown v. Valoff,* 422 F.3d 926,
942–43 (9th Cir.2005) (collecting cases for
the proposition that the applicable statute
of limitations must be tolled while a pris-
oner completes a mandatory exhaustion
process); *see also Johnson v. Rivera,* 272
F.3d 519, 521–22 (7th Cir.2001) (deciding,
because federal courts borrow state limita-
tions periods for section 1983 actions, fed-
eral courts must also borrow state tolling
law; and the Illinois statute of limitations
must be tolled if a statutory prohibition,
such as the PLRA, exists that prevents
plaintiff's cause of action).

We thus reverse the dismissal as to the
three individual defendants, and remand
for the district court to consider in the
first instance—after further development
of the record, if necessary—whether the

limitations period should have been tolled here, and whether the facts would support tolling, if it is available. *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1277, 1279–80 (11th Cir.2001) (per curiam) (recognizing the possibility that "statute of limitations may have been tolled on account of [inmate's] exhaustion of administrative remedies," and therefore concluding a § 1915A dismissal may have been improper; and remanding to the district court to decide the legal issue in the first instance). As to the section 1915A dismissal of PCDC, we affirm.